1  MELINDA L. HAAG, CSBN 132612
   United States Attorney
2  LUCILLE GONZALES MEIS, SBN CO 15153
   Regional Chief Counsel, Region IX,
3  Social Security Administration
   ELIZABETH FIRER, SBN WI 1034148
4  Special Assistant United States Attorney

5     333 Market Street, Suite 1500
      San Francisco, California 94105
6     Telephone:  (415) 977-8937
      Facsimile:  (415) 744-0134
7
   Attorneys for Defendant
8
                UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11 MARIA CALAMATEOS,              )
                                  )       CIVIL NO. C10-02900 LHK
12        Plaintiff,              )
                                  )
13        v.                      )       STIPULATION AND ORDER FOR
                                  )       REMAND UNDER SENTENCE FOUR OF
14 MICHAEL J. ASTRUE,             )       42 U.S.C. § 405(g)
   Acting Commissioner of         )
15 Social Security,               )
                                  )
16        Defendant.              )
                                  )
17 ───────────────────────────────)

18        IT IS HEREBY STIPULATED by the undersigned for the respective parties, subject to the approval

19 of the Court, that this action be remanded to the Defendant, Commissioner of Social Security, pursuant to

20 sentence four of 42 U.S.C. § 405(g) for further proceedings.

21        In the pre-hearing brief submitted to the ALJ, Plaintiff explicitly requested to amend her alleged

22 onset date to July 26, 2004 (AR 162).  According to the Commissioner's internal policy, the ALJ is required

23 to address such explicit requests to reopen and revise an earlier final determination and the ALJ's bench

24 decision did not address the issue.  HALLEX I-2-9-1.  At the hearing, the ALJ did not accept the request

25 to amend the alleged onset date because he was under the impression there was no Title II claim filed in

26 connection with the present case, which is not accurate (see AR 68-70 (December 2006 initial denial of Title

27 II claim)).  Additionally, the reasoning the ALJ expressed at the hearing did not address Plaintiff's request

28 to reopen the protective Title II and actual Title XVI applications she filed in February 2004.

Accordingly, upon remand, the ALJ will be directed to address Plaintiff's request for reopening and revision of the prior applications, which were initially denied on March 4, 2005.  If the ALJ does not reopen the 2004 applications, he must address Plaintiff's 2006 Title II application, which he mistakenly believed had not been filed.

It is further stipulated that the administrative decision is hereby vacated and that the Clerk of this Court shall be directed to enter a separate judgment herein, as provided for under Rules 58 and 79(a) of the Federal Rules of Civil Procedure, pursuant to Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625 (1993).

Dated:  February 24, 2011

/s/ *Harvey P. Sackett*
 (*As authorized on February 24, 2011*)
HARVEY P. SACKETT
Attorney for Plaintiff

MELINDA L. HAAG
United States Attorney

Dated:  February 24, 2011

By: /s/ *Elizabeth Firer*
ELIZABETH FIRER
Special Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  ___March 3, 2011___

LUCY H. KOH
United States District Judge

2